## GEORGE LAW *et al. versus* EDWARD THORNDIKE, Administrator, &c.

A bill in equity set forth, that the plaintiff's intestate and the defendant's intestate were the owners of a vessel illegally seized by the French in 1809 ; that the commissioners appointed to determine who were entitled to the indemnity which was to be paid to the owners of vessels so captured, in pursuance of a treaty between France and the United States, awarded to the defendant, by mistake, the whole amount of the indemnity due on account of the seizure of such vessel ; that by reason thereof, the defendant received the proportionate share of the plaintiff's intestate in such indemnity, the same being in certificates of the treasurer of the United States, or having been reduced to cash by the defendant ; and that the defendant refused to pay it over, or to surrender the certificates, or to give any account thereof. The bill therefore prayed, that the defendant might be required to make answer, whether or not he had received such share in cash or in certificates, and, if in certificates, whether any thing, and how much, had been paid on the same, whether the plaintiff's intestate was part owner of such vessel, and whether or not the defendant had been informed by the commissioners or any other person, and by whom, that the award was so made by mistake ; and that the defendant might be enjoined to deliver up the certificates, and all other property received for them, to a receiver. It was *held*, that the plaintiff was not under the necessity of applying to a court of equity for a discovery, inasmuch as the facts upon which the right was claimed, were all susceptible of proof by other evidence, and the defendant, standing in a representative character, could not be presumed to be acquainted with any material facts, within his own knowledge, requiring a discovery ; that if the plaintiff had any remedy, he had a plain and adequate remedy at law, in an action for money had and received ; and that the bill could not be sustained.

THIS was a bill in equity filed by George Law, and by Betsey Lee, administratrix of Larkin T. Lee deceased, against Edward Thorndike, administrator of Henry Thorndike.

The bill set forth, that in 1809, Henry Thorndike was the owner of two thirds of the schooner Two Friends, and Larkin T. Lee, the owner of the other third ; that at that

time, the schooner was illegally seized by the French, that the owners were thereby subjected to the loss of the vessel and cargo, and the freight by her earned or to be earned during the voyage; that by virtue of a treaty made and concluded at Paris, on July 4, 1831, between the United States and France, it was agreed, that an indemnity should be paid by France to the United States for the seizure of this vessel and divers other vessels belonging to citizens of the United States; that commissioners were appointed in behalf of the government of the United States, to ascertain and determine who were the rightful claimants to such indemnity and the amount due to them respectively; that the commissioners awarded to Henry Thorndike or his administrator the sum of $2500 for the vessel and $2135 for the freight; that of these sums one third properly belonged to the estate of Larkin T. Lee; and that the award was so made by the commissioners unintentionally and wholly by mistake, it being their intention to award the sums of $2500, and of $2135, to the respective owners of the vessel and freight, in proportion to their interest therein; that by reason of such mistake of the commissioners, the defendant claimed and received from the treasurer of the United States the proportionate part of those sums which belonged to the estate of L. T. Lee, amounting to the sum of $1545; and that the defendant held this sum in trust for such estate, the same being in a certificate or certificates of the treasurer of the United States, or having been reduced to cash by the defendant.

It was further set forth, that, on May 30, 1836, Betsey Lee, as administratrix of Larkin T. Lee, having a full right and interest in and to such sum of $1545, so held in trust by the defendant, for a valuable consideration, conveyed it to Law, and gave him thereby full power to demand and receive the same of the defendant, but that the defendant, well knowing the mistake of the commissioners, and that such sum of $1545 should have been awarded to the estate of Larkin T. Lee, and that the same had been duly assigned to Law, yet refused to pay it over, or to surrender the certificates by him received for the same, or to give any account thereof.

The bill therefore prayed, that the defendant might make

answer, whether or not he had received such sum of $1545 , whether the same was received by him in cash or certificates and if in certificates or certificate, whether any thing and how much has been paid on the same ; whether or not Larkin T. Lee was owner of one third of the vessel ; and whether or not the defendant had been informed by the commissioners or any other person, and by whom, that the sum of $1545 was awarded to him by mistake ; and that the defendant might be enjoined not to transfer or dispose of any of the certificates aforesaid, but to deliver up the same and all other property received for them, into the hands of a receiver, &c.

The defendants demurred to the bill generally.

*B. Sumner*, for the defendants, to the point, that the plaintiffs had a plain and adequate remedy at common law, cited *May* v. *Parker*, 12 Pick. 34 ; 1 Story's Eq. § 74 ; Story on Eq. Pl. 373, 374, 375, 376, 383 ; that even if there was no remedy at law, the case was not within the equity jurisdiction of this Court ; that a bill does not lie for discovery, unless it is averred and proved, that the facts are known to the defendant, and are not susceptible of being proved by other testimony ; *Duvals* v. *Ross*, 2 Munf. 290 ; *Seymour* v. *Seymour*, 4 Johns. Ch R. 409 ; and that if there was any error in the award of the commissioners, the matter should have been referred back to them before their powers expired. *Bean* v. *Farnam*, 6 Pick. 269, 274 ; *Jennison* v. *Hapgood*, 7 Pick. 1.

*Brigham*, for the plaintiffs. Where one person receives the property of another, knowing it to be so, he receives it on an implied trust. 2 Fonbl. Eq. 4 ; 2 Story on Eq. §§ 1197, 1201, 1255 ; 4 Kent's Comm. (2d ed.) 307 ; *Fay* v. *Hunt*, 5 Pick. 404. The United States received this money in trust, and paid it over to the defendant in trust for such persons as were entitled thereto. 2 Story on Eq. § 1257 ; 2 Madd. Ch. Pr. 103 ; *Mechanics Bank of Alexandria* v. *Seton*, 1 Peters, 309 ; *Adair* v. *Shaw*, 1 Sch. & Lefr. 262. This Court has as full jurisdiction over a trust of this character, as the Court of Chancery in England. *Jones* v. *Boston Mill Corporation*, 4 Pick. 509. A remedy at law, in order to be plain and adequate, so as to prevent a bill in equity from being sustained, must be full and entire by one action. Here

Law
v.
Thorndike.
the money was to be paid in six instalments, all of which were not paid at the time when this suit was commenced.

The Court have jurisdiction of this bill, on the ground that the plaintiffs are representatives of a tenant in common of the vessel, and a joint tenant or copartner in the freight.

This bill may be sustained as a bill of discovery, though we do not rely much on that point. It is not necessary to allege that the facts are wholly or exclusively within the knowledge of the defendant. 2 Story on Eq. 701. Nor is it necessary that there should be always a suit pending, in order to maintain a bill of discovery. The object of the bill may be to ascertain whom to sue.

The plaintiffs could not have maintained trover for the certificates, because the defendant, as administrator, was entitled to two thirds thereof; nor could they have maintained an action for money had and received, until money was actually received by the defendant upon the certificates.

The error of the commissioners could not have been corrected by them, because their powers and duties had terminated.

The award of the commissioners is not conclusive. If the court have jurisdiction over the case on the ground that it is a case of trust, they will retain it for other purposes, and will inquire into the award. *Rathbone* v. *Warren*, 10 Johns. R. 587.

*June 26th*    SHAW C. J. delivered the opinion of the Court. Whether the plaintiffs can in any form recover money received by the defendant under a *quasi* judgment, that of commissioners appointed to adjudge upon conflicting claims under the treaty with France, it is not now necessary to consider, and we give no opinion upon it. But the Court are of opinion, that if the plaintiffs have any remedy, they have a plain, adequate and complete remedy at law, in an action for money had and received. The plaintiff has no need to come into a court of equity for discovery. The facts upon which the right is claimed are all susceptible of easy proof. The defendant, standing in a representative character, cannot be presumed to be personally acquainted with any material facts, within his own knowledge, requiring a discovery. On the ground that

upon the plaintiff's own showing they have a complete and adequate remedy at law, the demurrer is sustained, and the bill dismissed, with costs.